- E X H I B I T  A -

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------x
ASPASIA MATSIKA,                                             Index No.:

                Plaintiff,                     **SUMMONS**

                                                       Plaintiff designates Kings
    -against-                                        County as the place of trial.

AHOLD DELHAIZE USA, INC.,                                    The basis of venue designated
d/b/a STOP & SHOP,                                           is Plaintiffs' residence.

                Defendant.
------------------------------------------------------------x

To:

  Ahold Delhaize USA, Inc.
  c/o Corporation Service Company
  80 State Street
  Albany, New York 12207-2543

       **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action by serving a copy of your Answer upon **CARUSO GLYNN, LLC**, 242-03 Northern Blvd., Suite 201, Little Neck, N.Y. 11362, within twenty (20) days after service of this Summons, exclusive of the day of service, or within thirty (30) days after service is complete if service is made by any method other than personal delivery to you within the State of New York.

       In case of your failure to answer the Complaint, Judgment will be taken against you by default for the relief sought in the Complaint.

Dated: New York, New York
       August 20, 2020

                              Yours, etc.,

                              **CARUSO GLYNN, LLC**
                              Attorneys for Plaintiff
                              *Aspasia Matsika*

                  By:  *Lawrence C. Glynn*
                              Lawrence C. Glynn
                              242-03 Northern Blvd.
                              Suite 201
                              Little Neck, New York 11362
                              (718) 819-8667
                              File No.: 88.070120.01

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------------------------x
ASPASIA MATSIKA,                              Index No.:

                Plaintiff,        **COMPLAINT**

    -against-

AHOLD DELHAIZE USA, INC.,
d/b/a STOP & SHOP,

                Defendant.
----------------------------------------------------------x

    Plaintiff, Aspasia Matsika (hereafter "Matsika" or "Plaintiff"), by her attorneys CARUSO GLYNN, LLC, complaining of the Defendant, alleges upon information and belief that:

    1.    At all material times, Plaintiff resided in Brooklyn, New York.

    2.    At all material times, Defendant AHOLD DELHAIZE USA, INC. ("AHOLD") was and is a foreign corporation authorized to do business in the State of New York with an office and principal place of business located at 1385 Hancock Street, Quincy, MA 02169.

    3.    At all material times, defendant AHOLD was doing business in the State of New York.

    4.    At all material times, defendant AHOLD was transacting business in the State of New York.

    5.    At all material times, defendant AHOLD was the owner of the Stop & Shop supermarket located at 1009 Flatbush Avenue, Brooklyn, New York 11226 ("STOP & SHOP").

    6.    On June 26, 2020 at approximately 10:30 a.m., Plaintiff was lawfully at STOP & SHOP.

    7.    Plaintiff entered the store and obtained a basket.

8. Plaintiff first walked to the produce section and procured onions and a bag of potatoes.

9. The onions were in the basket which Plaintiff held with her left hand while the bag of potatoes were in Plaintiff's right hand.

10. Plaintiff proceeded from the produce area towards the refrigerated and frozen meat section at STOP & SHOP.

11. The floor was made of tile or linoleum and was beige in color.

12. In the corner between the refrigerated and frozen meat sections and a support column, there was stack of packaged drinks containing burgundy colored liquid.

13. As Plaintiff approached this area, she was caused to slip and fall.

14. Plaintiff, who was pregnant at the time of the incident, struck the ground with tremendous force.

15. Plaintiff fell to the right landing on the floor in a fetal like position with her legs bent.

16. Plaintiff's first instinct as she was falling was to protect her belly.

17. A nearby female employee immediately noticed Plaintiff on the floor and asked if she was ok.

18. The same female employee said she would call a manager.

19. Plaintiff used the edge of the meat refrigeration unit to pull herself up.

20. After about five (5) minutes, a manager arrived and asked Plaintiff some questions including name, address and whether she was taking any medications.

21. At no time did anyone from STOP & SHOP offer to call an ambulance.

22. The manager told Plaintiff that when she was done shopping to come see her (the manager) and let the manager know how she was feeling.

23. The manager asked for an employee to see if there was a cart available for Matsika.

24. The manager also asked an employee to bring a sign to the area.

25. It was at this time that Plaintiff observed a dark red/burgundy colored liquid or sauce on the floor.

26. A sign was brought to the area by a STOP & SHOP employee.

27. Plaintiff felt dizzy upon standing and felt pain in both knees.

28. Plaintiff did continue to pick up 3-4 more items to see if she could walk and if everything was ok.

29. Due to the conditions at the time, i.e., the Covid-19 crisis, social distancing was in effect and Plaintiff had to wait on line for approximately 30-40 minutes.

30. Plaintiff continued to feel dizziness and pain in both knees during this time.

31. A representative from STOP & SHOP phoned Plaintiff on Monday, June 28, 2020 to ask her about the incident.

32. Plaintiff has not had any further communications regarding the incident with anyone from STOP & SHOP.

**Cause of Action**

33. Plaintiff was at all times lawfully on the premises.

34. Defendant, its agents, employees and/or servants, were negligent in creating a hazardous condition.

35. Defendant, its agents, employees and/or servants, were negligent in allowing this hazardous condition to exist for an extended period of time.

36. Defendant, its agents, employees and/or servants, were negligent in failing to maintain their premises in a reasonably safe condition.

37. Each of the negligent acts aforesaid was a substantial factor in causing injury to Plaintiff.

38. Specifically, Defendant, its agents, employees and/or servants, were negligent in the red liquid to remain on the floor in area near the refrigerated and frozen meat section and the corner containing packaged drinks with the same burgundy color as the liquid on the floor.

39. As a result of the negligent acts aforesaid, Plaintiff suffered severe and permanent physical injuries to her knees, head, neck and spine.

40. As a result of the negligent acts aforesaid, upon information and belief, plaintiff suffered post-concussion syndrome.

41. As a result of the negligent acts aforesaid, upon information and belief, plaintiff has and will continue to suffer from traumatic brain injury.

42. As a result of the negligent acts aforesaid, upon information and belief, plaintiff has and will continue to suffer from post traumatic stress ("PTS").

43. As a result of the negligent acts aforesaid, plaintiff has and will continue to suffer from mental anguish, sleeplessness, grief, depression and anxiety.

44. As a result of the negligent acts aforesaid, Plaintiff has and continues to fear latent injuries to her unborn child.

45. As a result of the negligent acts aforesaid, plaintiff has sustained numerous and severe physical, psychological and emotional injuries and maladies, all of which are believed to be permanent in nature and will require ongoing treatment, and has thus suffered damages in an amount exceeding the jurisdictional limits of all lower courts.

WHEREFORE, Plaintiff demands judgment against Defendant on each of the foregoing causes of action in an amount deemed to be fair and reasonable by a jury at the trial of this action plus interest and costs, and for such other and further relief as all lower courts may deem just and proper.

Dated: New York, New York
August 20, 2020

      Yours, etc.,

      **CARUSO GLYNN, LLC**
      Attorneys for Plaintiff
      *Aspasia Matsika*

  By: *Lawrence C. Glynn*
      Lawrence C. Glynn
      242-03 Northern Blvd.
      Suite 201
      Little Neck, New York 11362
      (718) 819-8667
      File No.: 88.070120.01

5

# SUPREME COURT OF THE STATE OF NEW YORK

# COUNTY OF KINGS

INDEX NO.:          /20

-----------------------------------------------------------x

ASPASIA MATSIKA,

                              Plaintiff,

-against-

AHOLD DELHAIZE USA, INC.,
d/b/a STOP & SHOP,

                              Defendant.

-----------------------------------------------------------x

# SUMMONS AND COMPLAINT

# CARUSO GLYNN, LLC

Attorney for Plaintiff
*Aspasia Matsika*

242-03 NORTHERN BLVD.
SUITE 201
LITTLE NECK, N.Y. 11362
TELEPHONE: (718) 570-3338
FACSIMILE: (718) 767-2474

e-mail to lglynn@carusoglynn.com
www.carusoglynn.com